UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MOHAMED ABDALLA MAHMOUD,<br><br>　　　　　　Petitioner,<br>　　v.<br><br>WARDEN'S OF N.N.C.C., *et al.*,<br><br>　　　　　　Respondents. | Case No. 3:22-cv-00452-MMD-CLB<br><br>ORDER |

　　　　Petitioner Mohamed Abdalla Mahmoud has submitted a *pro se* 28 U.S.C. § 2254 petition for writ of habeas corpus. He has now paid the filing fee. (ECF No. 7.) The Court has reviewed the petition under Habeas Rule 4, and it will be docketed and served on Respondents.

　　　　A petition for federal habeas corpus should include all claims for relief of which Mahmoud is aware. If Mahmoud fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2254(b) (successive petitions). If Mahmoud is aware of any claim not included in his petition, he should notify the Court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

　　　　Mahmoud has also filed a motion for appointment of counsel. (ECF No. 4.) There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *See Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007)). An indigent petitioner may request appointed counsel to pursue habeas relief. *See* 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *See id.* § 3006A(a)(2) (authorizing appointment of counsel "when the interests of justice so require"). However, counsel is appropriate if the complexities of the case are such that denial of counsel would amount to a denial of due process, and

where the petitioner is so uneducated that he is incapable of fairly presenting his claims. *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980). Here, Mahmoud states that he pleaded guilty "under mental disability status." (ECF No. 1-1 at 2.) He alleges that his mental disability, including suicidal thoughts, and physical illness or disability prevented him from timely pursuing state postconviction relief. (*Id*.) It is unclear that Mahmoud sets forth viable claims for federal habeas relief. However, in light of the allegations of serious mental illness, the Court will appoint counsel in order to ensure due process. Mahmoud's motion is therefore granted.

It is therefore ordered that the Clerk of Court detach, file, and electronically serve the petition (ECF No. 1-1) on Respondents.

It is further ordered that the Clerk of Court add Aaron D. Ford, Nevada Attorney General, as counsel for Respondents and provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the Office of the Attorney General only.

It is further ordered that Mahmoud's motion for appointment of counsel (ECF No. 4) is granted.

It is further ordered that the Federal Public Defender for the District of Nevada ("FPD") is appointed to represent Mahmoud.

It is further ordered that the Clerk of Court electronically serve the FPD a copy of this order, together with a copy of the petition for writ of habeas corpus. (ECF No. 1-1.) The FPD has 30 days from the date of entry of this order to file a notice of appearance or to indicate to the Court its inability to represent Mahmoud in these proceedings.

It is further ordered that after counsel has appeared for Mahmoud in this case, the Court will issue a scheduling order, which will, among other things, set a deadline for the filing of an amended petition.

///

///

DATED THIS 5th Day of January 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE