UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MOHAMED ABDALLA MAHMOUD,<br><br>    Petitioner,<br>v.<br>WARDEN'S OF N.N.C.C., *et al.*,<br><br>    Respondents. | Case No. 3:22-cv-00452-MMD-CLB<br><br>ORDER |

**I.    SUMMARY**

The Court appointed the Federal Public Defender ("FPD") to represent Mohamed Abdalla Mahmoud in this 28 U.S.C. § 2254 habeas corpus action in January 2023. (ECF No. 8.) Mahmoud seeks a stay and abeyance while he litigates his state postconviction petition. (ECF No. 14.) Respondents oppose, mainly on the basis that Mahmoud has not yet filed an amended federal petition. (ECF No. 15.) The Court concludes that Mahmoud meets the *Rhines* standard and that judicial efficiency is best served by a stay. Accordingly, the Court grants the motion to stay.

**II.    BACKGROUND**

Mahmoud was convicted under a guilty plea of two counts of attempted murder with use of a deadly weapon, assault on a protected person with use of a deadly weapon, and assault with a deadly weapon. (ECF No. 15-1, Exh. 1.) His aggregate total sentence is 16 to 40 years. Judgment of conviction was entered on September 5, 2019. (*Id.*) The Nevada Court of Appeals affirmed the denial of his state postconviction habeas corpus petition in October 2022. (ECF No. 15-2, Exh. 2.) In or about October 2022, Mahmoud dispatched his federal habeas petition for filing. (ECF No. 9.) The Court granted his motion for counsel and appointed the FPD. (ECF No. 8.)

### III. MOTION FOR STAY

Through the FPD, Mahmoud moves for a stay and abeyance of this case while he litigates a second state postconviction petition. (ECF No. 14.) In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed limitations upon the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims. First, "stay and abeyance should be available only in limited circumstances." *Rhines*, 544 U.S. at 277. And the relief "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." (*Id*.) Moreover, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id*. at 278. The Ninth Circuit has held that the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines*. *See Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). The court may stay a petition containing both exhausted and unexhausted claims if: (1) the habeas petitioner has good cause; (2) the unexhausted claims are potentially meritorious; and (3) petitioner has not engaged in dilatory litigation tactics. *See Rhines*, 544 U.S. at 278; *see also Wooten v. Kirkland*, 540 F.3d 1019, 1023-24 (9th Cir. 2008).

Here, Mahmoud asks the Court to stay this action while he litigates a counseled state postconviction petition. (ECF No. 14.) He argues that he has good cause because he previously was without counsel in his state postconviction proceedings. *See Dixon v. Baker*, 847 F.3d 714, 721 (9th Cir. 2017). He contends that his claims alleging serious defects with his guilty plea, including that his mental illness raises questions regarding whether the plea was voluntary, knowing, and intelligent are not plainly meritless. Specifically, his claims include that: (1) Mahmoud's guilty plea is invalid because it resulted from his severe clinical depression and suicidal ideation, which medically

inappropriate treatment at Clark County Detention Center exacerbated (*see* ECF No. 1-1 at 5, 22-23, 31, 38-39); (2) trial counsel was ineffective with respect to the plea because counsel misrepresented the sentencing exposure, did not appropriately accommodate Mahmoud's mental illness, and used coercive tactics (*see id.* at 6-8, 23, 31-32, 38-39); and (3) trial counsel was ineffective for advising against filing a notice of appeal (*see id.* at 8). He also insists that he is not engaging in dilatory tactics but seeks a stay in order to advance postconviction litigation.

Respondents oppose, pointing out that Mahmoud has not yet filed an amended federal petition. (ECF No. 15.) They argue that lack of counsel alone does not establish good cause and that he fails to demonstrate his claims are not plainly meritless. Finally, they assert that his claims are plainly meritless because they would be time-barred.

The Court concludes that a stay is warranted under these circumstances. Mahmoud has not filed an amended petition here. But *Pace v. DiGuglielmo* instructs that a protective petition can be appropriate where there is uncertainty as to whether a state petition was properly filed. 544 U.S. 408, 416 (2005) (a prisoner might avoid the difficult situation of spending years litigating in state court to find out that the state petition was not properly filed, and therefore not entitled to statutory tolling "by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted."). And the Ninth Circuit Court of Appeals has held that a petitioner can show good cause for a stay if he was without counsel in his state postconviction proceedings. *Dixon*, 847 F.3d at 721. Mahmoud's claims are not plainly meritless. They also are not obviously time-barred because he has not yet had an opportunity to address whether he is entitled to statutory or equitable tolling. *See* 28 U.S.C. § 2244(d)(2) (providing for statutory tolling); *Holland v. Florida*, 560 U.S. 631, 649 (2010) (explaining a petitioner is entitled to equitable tolling if he shows that he has been pursuing his rights diligently, but some extraordinary circumstance stood in his way). Finally, judicial economy is best served by staying this case while Mahmoud exhausts

unexhausted claims in state court. Of course, if he obtains relief in state court his petition here would be rendered moot. Accordingly, the Court grants the motion for a stay and abeyance.

## IV.  CONCLUSION

It is therefore ordered that Petitioner's motion for a stay and abeyance (ECF No. 14) is granted.

It is further ordered that this action is stayed pending final resolution of Petitioner's state postconviction habeas petition.

It is further ordered that the grant of a stay is conditioned upon Petitioner returning to federal court with a motion to reopen the case within 45 days of the issuance of the remittitur by the state appellate court at the conclusion of the state-court proceedings on the postconviction habeas petition.

It is further ordered that Petitioner's first and second motions for extension of time to file an amended petition (ECF Nos. 16, 18) are both denied as moot.

It is further ordered that the Clerk of Court administratively close this action, until such time as the Court grants a motion to reopen the matter.

DATED THIS 13th Day of September 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE